IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH W. PICKENS and RUTH M. PICKENS, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:19-cv-00135 |
| v. | § § § | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION and CENTRAL LOAN ADMINISTRATION & REPORTING a/k/a CENLAR, | § § § § § § | |
| Defendants. | § | |

### DEFENDANT CENLAR FSB'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Defendant CENLAR FSB, incorrectly sued as Central Loan Administration & Reporting a/k/a Cenlar, and files its Original Answer and Affirmative Defenses to Plaintiff's Original Complaint:

1. The allegations of the first sentence of Paragraph 1 are a characterization of Plaintiffs' claims and do not require a response; if a response is required, then denied. The allegations of the second sentence of Paragraph 1 are denied. The allegations of the third and fourth sentences of Paragraph 1 are a characterization of Plaintiffs' claims and do not require a response; if a response is required, then denied.

2. The allegations of Paragraph 2 are Plaintiffs' pleaded discovery level and have been mooted by removal of this case to federal court.

3. As to the allegations of Paragraph 3, it is presumed that Plaintiffs are natural persons who are citizens of Texas.

4. Cenlar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and, therefore, can neither admit nor deny.

5. As to the allegations of Paragraph 5, it is admitted that Cenlar foreign federal savings bank. However it is denied that Cenlar received service of process of the Complaint.

6. The allegations of Paragraph 6 are Plaintiffs' jurisdictional allegations and have been mooted by removal of this case to federal court. Cenlar does not challenge the jurisdiction of this Court.

7. The allegations of Paragraph 7 are Plaintiffs' jurisdictional allegations and have been mooted by removal of this case to federal court. Cenlar does not challenge the jurisdiction of this Court.

8. The allegations of Paragraph 8 are Plaintiffs' venue allegations and have been mooted by removal of this case to federal court.

9. Cenlar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and, therefore, can neither admit nor deny.

10. The allegations of the first sentence of Paragraph 10 are admitted. As to the allegations of the second sentence of Paragraph 10, it is admitted that Plaintiffs executed a Texas Home Equity Security Instrument; the document speaks for itself but Cenlar admits that the attached copy appears to be a true and correct copy of the Security Instrument.

11. As to the allegations of Paragraph 11, the document speaks for itself but Cenlar admits that the allegations in Paragraph 11 quote from a portion of the cited document.

12. The allegations of the first sentence of Paragraph 12 are denied. As to the allegations of the second sentence of Paragraph 12, Cenlar did not receive and cannot authenticate the document.

13. The allegations of paragraph 13 are denied.

14. Cenlar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and, therefore, can neither admit nor deny.

15. Cenlar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and, therefore, can neither admit nor deny.

16. The allegations of Paragraph 16 are denied.

    a. As to the allegations of the first sentence of Paragraph 16(a), it is denied that this sentence correctly states the constitutional provision. The allegations of the second sentence of Paragraph 16(a) are denied.

    b. As to the allegations of the first sentence of Paragraph 16(b), it is admitted that this sentence correctly states the constitutional provision. The allegations of the second sentence of Paragraph 16(b) are denied.

    c. As to the allegations of the first sentence of Paragraph 16(c), it is admitted that this sentence correctly states the constitutional provision. The allegations of the second sentence of Paragraph 16(c) are denied.

    d. As to the allegations of the first sentence of Paragraph 16(d), it is admitted that this sentence correctly states the constitutional provision. The allegations of the second sentence of Paragraph 16(d) are denied.

    e. As to the allegations of the first sentence of Paragraph 16(e), it is denied that this sentence correctly states the constitutional provision. The allegations of the second sentence of Paragraph 16(e) are denied.

  f. As to the allegations of the first sentence of Paragraph 16(f), it is denied that this sentence correctly states the constitutional provision. The allegations of the second sentence of Paragraph 16(f) are denied.

  g. As to the allegations of the first sentence of Paragraph 16(g), it is denied that this sentence correctly states the constitutional provision. The allegations of the second sentence of Paragraph 16(g) are denied.

  h. As to the allegations of the first sentence of Paragraph 16(h), it is admitted that this sentence correctly states the constitutional provision. The allegations of the second sentence of Paragraph 16(h) are denied.

17. As to the allegations of Paragraph 17, the document speaks for itself but Cenlar admits that the allegations in Paragraph 17 quote from a portion of the cited document.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of Paragraph 20 are a description of the legal basis for a quiet title action in Texas and do not require a response; if a response is required, these allegations are legal conclusions and are, therefore, denied.

21. As to the allegations of Paragraph 21, Cenlar can neither admit nor deny that Plaintiffs are the current owners of the Property, subject to Defendant Federal Home Loan Mortgage Corporation's deed. The remaining allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are Plaintiffs' characterization of the Texas constitutional requirements for a home equity lien and no response is required; if a response is required, these allegations are legal conclusions and are, therefore, denied.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are a description of Plaintiffs' requested relief and do not require a response; to the extent a response is required, denied.

27. The allegations of Paragraph 27 are admitted.

28. The allegations of Paragraph 28 are a description of Plaintiffs' requested relief and do not require a response; to the extent a response is required, denied.

29. The allegations of Paragraph 29 are a description of Plaintiffs' requested relief and do not require a response; to the extent a response is required, denied.

30. As to the allegations of Paragraph 30, Cenlar lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, can neither admit nor deny.

31. As to the allegations of Paragraph 31, it is admitted that under certain circumstances reasonable attorney fees and costs are recoverable; Cenlar denies that reasonable attorney fees and costs are recoverable in this case.

32. The allegations of Paragraph 32 are Plaintiffs' request for disclosures under the Texas Rules of Civil Procedure and have been mooted by removal of this case to federal court; therefore, no response is required.

33. The allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 are Plaintiffs' statement pursuant to Texas Rule of Civil Procedure 47 and have been mooted by removal of this case to federal court; therefore, no response is required.

35. The allegations of Paragraph 35 are Plaintiffs' demand for jury trial; therefore, no response is required.

The final unnumbered paragraph on page 9-10 and its subparts (a) through (k) of the Complaint is Plaintiffs' prayer for relief and no response is required; to the extent a response is required, denied.

## **Affirmative Defenses**

Each of the following affirmative defenses is pleaded in the alternative:

1. Plaintiffs' request for forfeiture of principal and interest sounds in contract.

2. Plaintiffs' request for forfeiture of principal and interest is barred by the statute of limitations.

3. Plaintiffs' damages, if any, were caused by their own breach of contract.

4. Defendant Cenlar is entitled to equitable subrogation at least to the extent that the amount of the funds used to pay any preexisting lien against Plaintiffs' homestead property.

5. Defendant Cenlar is entitled to contractual subrogation at least to the extent that the amount of the funds used to pay any preexisting lien against Plaintiffs' homestead property.

6. Plaintiffs' claims are barred by or subject to rights of set-off and recoupment.

7. Plaintiffs' claims are barred by estoppel, contractual estoppel, equitable estoppel and unjust enrichment.

8. The existence of the debt was ratified, acknowledged, and agreed by Plaintiffs' signing the Texas Home Equity Note, Texas Home Equity Security Instrument, and other loan documents.

9. Plaintiffs are estopped by their actions, knowledge and/or consent in connection with the transaction about which they now complain.

10. Plaintiffs' claims are barred by ratification and waiver.

11. Plaintiffs' claims are barred by failure to mitigate damages; the existence of damages is specifically denied.

12. Plaintiffs failed to provide Cenlar any notice, much less proper notice, of a complaint prior to filing suit regarding his or her loan under TEX. CONST. ART. XVI, § 50(a)(6).

13. Plaintiffs' action sounds in or is based on purported violation of the Texas Constitution and therefore Plaintiffs are barred from suing under a declaratory judgment theory and from recovering any attorney fees from Defendants under the Texas Constitution or any other statute.

WHEREFORE, PREMISES CONSIDERED, Defendant CENLAR FSB asks this court enter judgment that Plaintiffs take nothing by their causes of action against Cenlar, and that the Court grant Cenlar such other and further relief, at law or in equity, both general and special, to which Cenlar may be justly entitled.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
TBN# 24065813
600 Travis Street, Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com

ATTORNEYS FOR DEFENDANT CENLAR FSB

OF COUNSEL:

HUSCH BLACKWELL, LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
 (713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Original Answer and Affirmative Defenses has been served upon the following on this the 24th day of April 2019:

Robert "Chip" Lane             ***Via CM/ECF***
Joshua Gordon                  ***Via CM/ECF***
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036

*Attorneys for Plaintiffs*

By: */s/ Sabrina A. Neff*
    Sabrina A. Neff